# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

HENRY EVANS, AS EXECUTOR, ETC., RESPONDENT, *v.* DANIEL B. POST AND ANOTHER, APPELLANTS.

*Evidence — record in summary proceedings.*

In an action brought to recover rent for the use of certain premises from which the defendant had been removed by summary proceedings instituted by the plaintiff in pursuance of a notice terminating the tenancy, *held*, that the record in these proceedings was only evidence that the defendant had ceased to have any right to continue in the possession, and that the plaintiff was entitled to such possession. The proceedings and the affidavits and evidence contained in such record were not legal evidence of the lease, or of the length of occupancy of the premises, or of the terms under which they were occupied.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Alex. Cummings,* for appellants.   *T. & A. More,* for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed and new trial granted, costs to abide event, and referee discharged.

---

MAHLON H. MANDEVILLE, RESPONDENT, *v.* SCHUYLER C. REYNOLDS, APPELLANT.

*Satisfaction of judgment — when may be attacked — Power of attorney to compromise action.*

In an action brought upon a judgment in which the defendant claims that it has been satisfied by a satisfaction-piece executed by an assignee thereof, and also by an execution issued to the sheriff, the validity of such satisfaction-piece and execution may be impeached; and it may be shown that they are fraudulent, and that such judgment has not been paid or released; the question as to their validity arising directly and not collaterally, in such action.

Unless specially authorized so to do, an attorney cannot compromise an action upon payment of his costs, without the knowledge and consent of his principal.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial on a case and exceptions.

*J. McGuire*, for appellant. *Marcus Lyon*, for respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment and order affirmed, with costs.

---

AMASA JONES, APPELLANT, *v.* NELSON OWEN, RESPONDENT.

*Cross appeals from Justice's Court — how heard.*

When both parties appeal from a judgment of the Justice's Court, the plaintiff on the ground that the damages awarded by the jury were too small, and the defendant on the ground that it charged him with any damages, both appeals should be heard together and judgment and costs given for the appellant showing himself in the right upon his appeal. It is error to have the appeals heard separately and to have separate judgments entered thereon. (*Glassner* v. *Wheaton*, 2 E. D. Smith, 352.)

APPEAL from a judgment of the Cortland County Court, reversing a judgment of a Justice's Court in favor of the plaintiff, with costs of the appeal.

On cross appeals from a judgment of the Justice's Court, separately heard in the County Court, Jones reversed on his appeal the justice's judgment and recovered costs of the appeal against Owen, and Owen on his appeal also reversed the same judgment and recovered his costs of appeal against Jones.

The case came before the General Term on the papers used in the County Court on the appeal of Owen, and the court was thus enabled only to review the decision of the County Court reversing the justice's judgment and giving the defendant costs of appeal against plaintiff.

*Bouton & Champlin*, for appellant. *Waters & Sands*, for respondent.